

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| VEAR LEROY BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>NURSE AMBER et al.,<br><br>Defendants. | **ORDER TO SHOW CAUSE REGARDING ORDER TO AMEND DEFICIENT COMPLAINT**<br><br>Case No. 2:09-CV-163 DB<br><br>District Judge Dee Benson |

Plaintiff/inmate, Vear Leroy Brooks, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2010). Reviewing the complaint, *see* 28 U.S.C.S. § 1915A (2010), in an Order issued on January 28, 2010, the Court determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint:

Complaint:

(a) inappropriately alleges civil rights violations against Warden Turley on a respondeat superior theory.

(b) does not clearly identify each named defendant. (John Does must each be individually numbered and described in detail.)

(c) states names in caption that do not match names in text.

(d) has claims appearing to be based on conditions of current confinement; however, the complaint was not submitted through contract attorneys.

The Court then provided the following instructions to Plaintiff:

**Instructions to Plaintiff**

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply

2

additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Fourth, if Plaintiff's claims relate to the conditions of Plaintiff's current confinement, Plaintiff should seeks help from the prison contract attorneys in preparing initial pleadings.

**Plaintiff's Response to Cure Order**

Instead of filing an amended complaint, as ordered, Plaintiff filed a motion to appoint counsel, a response to the order to cure the deficient complaint (which did not appropriately address the deficiencies in the complaint), a motion for summary judgment, and a second motion for default judgment. Before these, Plaintiff also filed documents showing he had attempted service on Defendants.

**Motion for Appointed Counsel**

Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent inmates. *See* 28 U.S.C.S. § 1915(e)(1) (2010); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). Plaintiff has the burden to "convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v.*

*Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Weighing these factors, the Court concludes at this time that Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

### ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff shall within **THIRTY DAYS** show cause why his complaint should not be dismissed for failure to cure the deficiencies in his complaint.

(2) the Clerk's Office shall again mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

(4) Plaintiff's motion for appointed counsel is **DENIED**, (*see* Docket Entry # 9); however, if, after further developments, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

(5) Plaintiff's motion for summary judgment is **DENIED**. (*See* Docket Entry # 13.) The motion contains no substantive arguments, and, in any case, is premature, considering Defendants have yet to be properly served.

(6) Plaintiff's motions for default judgment are **DENIED**. (*See* Docket Entry #s 6 & 14.) Plaintiff apparently believes he effectively served process on Defendants; however, his attempt to serve process appears invalid. In any event, having screened the Complaint under § 1915A and found it wanting, the Court concludes no valid complaint exists to be answered right now. The Court awaits Plaintiff's amended complaint to see whether it warrants service. Defendants are therefore at this time not required to answer the Complaint. If Plaintiff's Amended Complaint survives screening, Plaintiff may attempt service again.

DATED this 4th day of May, 2010.

BY THE COURT:

_____
DEE BENSON
United States District Judge