IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| VEAR LEROY BROOKS,<br><br>    Plaintiff,<br><br>    v.<br><br>AMBER WHITEAKER et al.,<br><br>    Defendants. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:09-CV-163 DB<br><br>District Judge Dee Benson |

Plaintiff, Vear Leroy Brooks, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983.  *See* 42 U.S.C.A. § 1983 (West 2011).  Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* 28 U.S.C.A. § 1915 (2011).  On May 5, 2011, Defendants filed a *Martinez* report (Doc. 36) addressing Plaintiff's claims and his efforts to resolve them through the prison grievance process.  Defendants now move for summary judgment on the grounds that Plaintiff failed to fully exhaust all available administrative remedies before filing suit.

## ANALYSIS

### I.  Legal Standards

#### a.  Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before seeking redress in the courts.  Specifically, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983

of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C.A. § 1997e(a) (West 2009).  The Supreme Court has held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002).  Moreover, the Supreme Court has refused to "read futility or other exceptions into [the PLRA's] statutory exhaustion requirement." *Booth v. Churner*, 532 U.S. 731, 741, n. 6, 121 S. Ct. 1819, 1825 (2001).  As explained by the Tenth Circuit, "[t]he statutory exhaustion requirement of § 1997e(a) is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).  Failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving. *See Jones v. Bock*, 549 U.S. 199, 212, 127 S. Ct. 910, 919 (2007).

   Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *before* filing a complaint in federal court. *See Porter*, 534 U.S. at 524 (citing *Booth*, 532 U.S. at 741).  However, it is well recognized that "a remedy that prison officials prevent a prisoner from utilizing is not an 'available' remedy under § 1997e(a)." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *see also Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002).  Thus, "inmates cannot be held to the exhaustion requirement of the PLRA when prison officials have prevented them from exhausting their administrative remedies." *Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002).

### b.  Summary Judgment Standard

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing "that there is an absence of evidence to support the non-moving party's case."  *Cellotex v. Catrett*, 477 U.S. 317, 325 (1986).  This burden may be met merely by identifying portions of the record which show an absence of evidence to support an essential element of the opposing party's case.  *Johnson v. City of Bountiful*, 996 F. Supp 1100, 1102 (D. Utah 1998)

Once the moving party satisfies its initial burden "the burden then shifts to the nonmoving party to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of [the disputed] element."  *Id.*  Rule 56(e) requires a nonmovant "that would bear the burden of persuasion at trial" to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant."  *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1998).  The specific facts put forth by the nonmovant "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."  *Thomas v. Wichita Coca-Cola Bottling*, 968 F.2d 1022, 1024 (10th Cir. 1992).  Mere allegations and references to the pleadings will not suffice.  However, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."  *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

The Tenth Circuit has recognized that, given the fact sensitive nature of exhaustion determinations, "a motion for summary judgment limited to the narrow issue of exhaustion and the prisoner's efforts to exhaust is appropriate." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1211 (10th Cir. 2003), *abrogated on other grounds by Jones*, 549 U.S. 199.  When deciding such a limited motion for summary judgment the court applies the same procedures used for other summary judgment determinations.  Thus, the moving party bears the initial burden of showing that there is an absence of evidence to support the plaintiff's contention that he exhausted all available administrative remedies.  Once the moving party has made such a showing, the burden then shifts to the nonmoving party to produce admissible evidence showing that genuine issues of material fact exist precluding summary judgment on the exhaustion question.

## II.  Facts[1]

1. Plaintiff is an inmate at USP, incarcerated since February 27, 2007.

2. Plaintiff has been housed in the Wasatch and Olympus facilities, but since his incarceration, has spent approximately 63 days hospitalized at the University of Utah Medical Center or at the USP infirmary.

3. In September, 2007, Plaintiff underwent heart by-pass surgery at the University of Utah Medical Center, and after eleven days was returned to USP where he was

---

[1] The facts presented here are drawn directly from Defendants' Memorandum Supporting Motion for Summary Judgment and are not disputed.

       housed in the Wasatch Infirmary facility.

4. Plaintiff alleges that he was later housed with inmates in a mental health unit and that one such inmate punched Plaintiff in the chest at the location of his sutures. (Compl. ¶ B.1.)

5. Utah State Prison has implemented a Grievance Policy and Procedures for inmates to raise concerns and pursue remedies relating to the conditions of confinement and their incarceration. (Declaration of Billie Casper at ¶ 4, attached to the *Martinez* report as Exhibit A, (Doc. 36-1).)

6. Under the USP grievance system, inmates must file a written grievance within seven working days from the time the inmate knows or should have known about a grievable incident. (*See* FDr02/03.03, attached to the *Martinez* report as Exhibit C, (Doc. 36-3).)

7. The USP grievance system involves a three level process. Inmates file their grievance in writing as a Level One complaint. The grievance is reviewed by a grievance review officer who either grants the grievance or denies it. (FDr02/03.02.)

8. When a Level One grievance is denied the inmate is notified of his right to fill out the Level Two form and appeal the denial of Level One. The inmate has five working days to appeal to Level Two where the grievance is reviewed by the Warden or the Warden-Designee. (FDr02/03.04; Casper Decl. at ¶ 12.)

9. If the grievance is again denied at the Level Two stage, the inmate is informed of his right to appeal to Level Three. (FDr02/03.05; Casper Decl. at ¶ 13.)

10. The inmate has five days to file written notice of his appeal to the Level Three grievance officer. (FDr02/03.05 B; Casper Decl. at ¶ 13.)

11. If the Level Three grievance is again denied, the inmate is informed of the decision, and of his right to seek judicial remedies. (FDr02/03.05 B; Casper Decl. ¶ 13.)

12. Under USP grievance procedures, an inmate has not exhausted his administrative grievance remedies until he has appealed the denial of his grievance through Level Three and has received notice of the denial of the Level Three appeal. (FDr02/03.05.)

13. Plaintiff's Complaint alleges that in March 2007 he visited USP medical personnel about the separation of the sutures in his chest, and that Defendants declined to refer him to Dr. Roberts. (Compl. ¶ B.1.)

14. Plaintiff filed a Level One grievance relating to that issue on May 8, 2008, over a year after the alleged denial of medical attention, the incident giving rise to the claims he raises in his Complaint. (*See* Level One Grievance Form, attached as Exhibit D to *Martinez* report (Doc. 36-4).)

15. USP Registered Nurse, Eric DiFrancesco, reviewed Plaintiff's Level One grievance and denied it because, according to the dates listed by Plaintiff, the

>    Level One grievance was filed over a year after the denial of medical attention. (*See* Declaration of Eric DiFrancesco, attached as Exhibit B to *Martinez* report (Doc. 36-2).)

16.    Plaintiff did not appeal the denial of his Level One grievance; he did not advance the grievance to Level Two, which prohibited him for advancing the grievance to Level Three.  (DiFranceso Decl. ¶¶ 8-9).

### III.  Defendants' Motion for Summary Judgment

Defendants have presented ample evidence to support the conclusion that Plaintiff failed to exhaust his claims through the USP grievance process before filing this suit.  Thus, Defendants have successfully shifted to Plaintiff the burden of producing admissible evidence showing a genuine issue of material fact as to whether he fully exhausted his claims.

Plaintiff has not met his burden.  Although Plaintiff did not file a formal opposition memorandum to Defendants' summary judgment motion, Plaintiff did submit a one-paragraph response captioned "Motion for Summary Disposition" stating: "I did file one grievance which was denied but the fact is no grievance would have or could have all allievated [sic] the pain and suffering and permanent scarring to my chest.  Thearfor [sic], I ask this court to award me the full $1,500,000 damages to me in this matter."  (Doc. 39) Thus, Plaintiff effectively concedes that he did not complete the exhaustion process.  Moreover, Plaintiff's bald assertion that exhaustion would have been futile because it could not have afforded him relief is unavailing. Thus, the Court concludes that Plaintiff has not shown a genuine issue of material fact on the

exhaustion issue and Defendants are entitled to summary judgment under the PLRA.

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (Doc. 37) is **GRANTED**, and this case is **CLOSED**.

Dated this 23rd day of February, 2012.

BY THE COURT:

_____

DEE BENSON
United States District Judge